## JONES v. SMYTH et al.

No. 8787—Opinion Filed April 30, 1918.

(172 Pac. 785.)

**Indians — Alienation — Validity — Conveyance on Subsequent Consideration.**

Where after passage of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, a member of the Choctaw Nation, of one-fourth Indian blood, during his minority executes and delivers a contract for the sale of a portion of his allotment, and at the same time delivers a warranty deed to the same person, such deed and contract are absolutely void. The said allottee, however, on attaining his majority may make a valid conveyance to the same party for a lawful and independent consideration, notwithstanding the first attempted conveyances.

(Syllabus by Pryor, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Samuel Jones against Thomas R. Smyth and the Commerce Trust Company, a corporation. Judgment for defendants, and plaintiff brings error. Affirmed.

Crockett & Fowler, for plaintiff in error.

Hatchett & Ferguson and Utterback & MacDonald, for defendants in error.

PRYOR, C. This is an action by Samuel Jones, plaintiff in error, against Thomas R. Smyth and the Commerce Trust Company, a corporation, defendants in error, to recover possession of certain lands lying in Bryan county, and the quieting of title thereto by the cancellation of certain deeds made to Thomas R. Smyth by plaintiff, and a certain mortgage made by said Smyth to the said trust company.

It appears from the record that the plaintiff, Samuel Jones, is a citizen by blood of the Choctaw Nation; that he is of one-fourth Indian blood; and that the lands in controversy are part of his allotment; that on the 16th day of November, 1911, the plaintiff entered into a contract, in writing, with the defendant Thomas R. Smyth to sell and convey by warranty deed for a consideration of $1,000 120 acres of his allotted lands; that at the time of making said contract he executed and delivered to the said Smyth a warranty deed covering the 120

acres, at which time Smyth paid the plaintiff $150. The land in controversy here is 80 acres of the 120 included in said contract and said deed.

At the time of the execution of the foregoing contract and deed the plaintiff was a minor under the age of 21, and at the time of the execution of the contract and deed plaintiff executed to the defendant Thomas R. Smyth a title bond, with Morgan Durant as surety. On the 19th day of October, 1912, after attaining his majority, the plaintiff, in consideration of the sum of $1,050 by warranty deed conveyed to the defendant Smyth the 80 acres in controversy in this suit. The plaintiff alleges that this deed was executed in pursuance to the said contract and for the same consideration therefore entered into between himself and the defendant, and that said deed was a mere ratification of the first deed and for that reason void. The defense is that the execution of the deed after plaintiff had reached his majority was a new and independent transaction made upon a new consideration and without any relation to the former transaction between the plaintiff and defendant. There was judgment for the defendant denying the relief sought by plaintiff, and from this judgment the plaintiff appeals.

The first deed and contract made by the plaintiff to the defendant Smyth during his minority were void. The only question presented to the trial court for its determination, and the only question presented here is whether or not the deed executed on the 19th day of October, 1912, after the plaintiff had attained his majority, was a ratification of the deed made by the plaintiff while he was a minor, or was the same a mere consummation of the void transaction whereby the plaintiff had agreed to sell said lands to defendant and attempted to convey same to defendant during his minority.

The evidence reasonably establishes the following facts: That the plaintiff is a citizen of the Choctaw Nation of Indians, of one-quarter Indian blood; that the land in controversy is a portion of his allotment. On the 16th day of November, 1911, plaintiff, while a minor, enntered into a contract with the defendant Thomas R. Smyth to convey to the said Smyth 120 acres of his allotment for the consideration of $1,000; that the defendant Smyth paid the plaintiff $150 at the time of the execution of said contract and warranty deed, and plaintiff executed to the said Smyth title bond, with Morgan Durant as surety. After the plaintiff became of age he had a conversation with the said Morgan Durant concerning the bond, in which he stated that he had

found out that the deed and bond were void, and that the surety, Durant, need not be uneasy. After plaintiff became of age he borrowed $300 from the First State Bank of Bennington and gave a mortgage on the lands in controversy to secure the payment of same. In a conversation with Ab Winters the plaintiff stated that he could make Smyth "come to it"; that he would not let Smyth have the lands as he had first agreed; that he sold 40 acres of the 120 included in the written contract to Ab Winters for $300, and attempted to sell the 80 acres in controversy to one Attaway at $12 per acre, and stated at the time that Smyth had offered him $11 an acre. Plaintiff stated to Morgan Durant after he had made the last deed to Smyth that he had "made a new deal" with Smyth. Plaintiff himself testified that he knew the contract and deed made on the 16th day of November, 1911, were void. The evidence shows that after he became of age he refused to close the contract for said land in accordance with the former understanding between Smyth and himself.

There is some dispute between the plaintiff and defendant as to the matter of payment of the consideration for the deed made on the 19th day of October, 1912. The plaintiff testified that the defendant executed to him on the 16th day of November, 1911, three notes for the sum of $1,000, after deducting the $150 paid. He does not contend that any notes were delivered to him at that time. The evidence clearly shows that at the time of the execution of the deed on the 19th day of October, 1912, defendant Smyth paid the note of $300 of the plaintiff at the Bank of Bennington; that he paid the plaintiff $50 cash, in addition to the $150 paid on the 15th day of November, 1911, but the balance of $1,050 was evidenced by two notes: that no notes were delivered to the plaintiff before the execution of the last deed; that after the execution and delivery of the last deed or October 19, 1912, after plaintiff had reached his majority, the plaintiff discounted said notes to a third person and secured the money therefor; that the defendant Smyth paid said notes.

The only reasonable conclusion that can be reached from the foregoing facts and circumstances is that reached by the trial court, that the execution and delivery of the deed on the 19th day of October, 1912, after the plaintiff had reached his majority, was a new and independent transaction; that the conveyance on that date of the 80 acres involved in this suit was not a ratification of the deed made by the plaintiff while a minor, and was not made in pursuance to the contract made on the 16th

day of November, 1911, notwithstanding the fact that the 80 acres was a part of the land included in that contract.

Under the Act of Congress of May 27, 1908 (35 Stat. 312, c. 199) the only restriction on alienation of the allottee's lands was during the minority of the allottee. After he attained his majority he had a right to dispose of his lands to whomsoever he pleased. The fact that he had attempted to sell the lands to the defendant Smyth during his minority, and had entered into a contract to sell the same to Smyth, did not within itself bar Smyth from purchasing said lands from him after he had attained his majority, and the said allottee after reaching his majority, for a lawful and independent consideration, could sell to Smyth just the same as to any other person, and his conveyance would be valid.

The conclusion here reached is fully sustained by the decisions of this court in the following cases: McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Henley v. Davis, 57 Okla. 45, 156 Pac. 337.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.